IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JONATHAN TYRONE HOUGH,           )
                                 )
               Petitioner,     )
                                 )
               v.              )      1:14CV407
                                 )
STATE OF NORTH CAROLINA,         )
                                 )
             Respondent.     )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner who was formerly a prisoner of the State of North Carolina, has submitted a Petition [Doc. #1] under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody together with the $5.00 filing fee. Upon review of the matter, the undersigned concludes that the case should be dismissed for the following reasons. Rule 4, Rules Governing Section 2254 Proceedings, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

A writ of habeas corpus may issue if a petitioner demonstrates that he is in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Under 28 U.S.C. §§ 2241(c)(3) and 2254(a) the federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody." As the Court informed Petitioner in a similar prior case, Hough v. State of North Carolina, 1:13CV238 (M.D.N.C.), the custody requirement of § 2254 is not met when the prisoner is challenging an expired state sentence. See Maleng v. Cook, 490 U.S. 488, 492 (1989). If a petitioner is not in

custody on the challenged conviction, the Court lacks subject matter jurisdiction in the case. Id. at 494.

In this case, Petitioner seeks to attack a conviction from the Guilford County Superior Court in case 89-CRS-20327, which Petitioner reports was entered on August 6, 1990. [Petition, §§ 1- 2.] He states that he was sentenced to twenty-five years of imprisonment. [Id., § 3.] Although slightly less than 24 years have passed since the date of Petitioner's conviction in the challenged case, the North Carolina Department of Public Safety's website reports that a person by the name of "Jonathan Tyrone Hough," was convicted on August 6, 1990, in Guilford County in case "89020327" and sentenced to a maximum of twenty-five years. He was released on parole from that sentence on November 18, 1999, with his parole expiring on February 16, 2000. See http://www.doc.state.nc.us/offenders (search for "Jonathan T. Hough" last completed May 19, 2014). The State's records confirm that Petitioner is no longer serving any sentence for the conviction he challenges.

The Court notes that in 2001, Petitioner was indicted in this Court in case 1:01CR107-1 on drug and weapons charges. He remains in federal custody after pleading guilty in that case. To the extent Petitioner has previously filed in that case a Motion under 28 U.S.C. § 2255 raising issues regarding, inter alia, Petitioner's prior state convictions, those matters were considered to the extent necessary as part of that § 2255 proceeding. Thus, there is no basis to construe the present motion as a § 2255 motion challenging an alleged enhancement to his federal sentence. Cf. Daniels v. United States, 532 U.S. 374 (2001); Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001).

IT IS THEREFORE RECOMMENDED that this action be dismissed *sua sponte* pursuant to Rule 4, Rules Governing Section 2254 Cases.

This, the 29th day of May, 2014.

/s/ Joi Elizabeth Peake
United States Magistrate Judge